TIMOTHY COURCHAINE
United States Attorney
District of Arizona
BENJAMIN GOLDBERG
New York State Bar No. 5346838
Assistant U.S. Attorneys
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona  85004
Telephone:  602-514-7500
Email: ben.goldberg@usdoj.gov
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-25-00013-SHD |
| Plaintiff, | |
| vs. | **GOVERNMENT'S SENTENCING MEMORANDUM AND RESPONSE TO DEFENDANT'S OBJECTION TO PSR** |
| Christian Mireles Mancillas, | |
| Defendant. | |

The United States respectfully requests that this Court sentence defendant Christian Mireles Mancillas ("Mancillas") to a term of five years of Probation.  This recommendation is consistent with the terms of Mancillas' plea agreement and properly considers the sentencing factors set forth in 18 U.S.C. § 3553(a), including the nature and characteristics of the offense, the history and characteristics of the defendant, and the need for the sentence to provide just punishment.

**I.     Factual Background**

On November 3, 2023, Phoenix police officers and agents with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") executed a search warrant at Mancillas' apartment.  (PSR ¶ 6.)  The warrant was based on the investigation of 12 separate shooting incidents that occurred in Phoenix between January and October 2023. (Id.)  At the apartment, agents found a loaded Glock pistol with a machinegun conversion

device ("MCD") affixed to the rear o the firearm, along with ammunition and casings. (Id.) An analysis of the pistol revelated that the firearm had been discharged in five separate shooting incidents in 2023. (PSR ¶¶ 6-11.)

On November 6, 2023, another search warrant was executed on Mancillas' social media accounts. (PSR ¶ 12.) A review of his Instagram accounts showed two videos of Mancillas firing Glock pistols with MCDs attached to the rear. (Id.) Also found were photographs of Mancillas holding an AR15-style rifle, other Glock pistols, and videos and photographs of stolen vehicles. (Id.) Law enforcement officers also found messages asking about possible purchases of rifles, pistols, and MCDs. (Id.)

On January 6, 2025, a single-count Information was filed, charging Mancillas with Possession or Transfer of a Machinegun. (PSR ¶ 1.) On February 5, 2025, Mancillas pled guilty to the Information. (PSR ¶ 3.)

## II.    The Applicable Guidelines Range

The United States has reviewed the final PSR and has no objections, additions, or corrections. The PSR calculates a total offense level of 17 and a criminal history category of II, resulting in a Guidelines range of 27-33 months' imprisonment. (PSR at 18.) The PSR recommends a two-level downward departure pursuant to United States Sentencing Guidelines ("U.S.S.G.") Section 5H1.1, which allows for departures to account for a defendant's youthfulness at the time of the offense or prior offenses. (PSR ¶ 82, at 18.) If that departure is granted, Mancillas' revised total offense level will be 15, resulting in a Guidelines range of 21-27 months' imprisonment. (PSR at 18.) Finally, the PSR recommends a mid-range sentence of 24 months, followed by a three-year term of supervised release. (Id.)

The plea agreement in this case contains a stipulation that Mancillas will receive a term of probation as his sentence. (PSR ¶ 80.)

//

//

- 2 -

**III.    Argument**

**a.  Government's response to PSR objections**

Mancillas objected to a number of PSR provisions from the Draft PSR, including the implication that some of the casings found from the Glock at Mancillas' apartment were discharged while an MCD was attached, and that a description of his prior conviction is inaccurate.  (Doc. 27.)

At sentencing, a district court may consider any relevant information, "provided that the information has sufficient indicia of reliability to support its probable accuracy." U.S.S.G. § 6A1.3(a); *see also United States v. Alvarado-Martinez*, 556 F.3d 732, 735 (9th Cir. 2009).  And when imposing a sentence within the guideline range, a district court, "may consider, without limitation, any information concerning the background, character and conduct of the defendant, unless otherwise prohibited by law."  U.S.S.G. § 1B1.4.

Furthermore, the Court can consider a defendant's prior conduct at sentencing, even inadmissible facts about the conviction. See U.S.S.G. § 6A1.3 cmt. (noting that "sentencing judges are not restricted to information that would be admissible at trial" and citing to *Nichols v. United State*s, 511 U.S. 738, 747-48 (1994) to note "that district courts have traditionally considered defendant's prior criminal conduct even when the conduct did not result in a conviction.")

However, the government agrees with Mancillas that the evidence available does not necessarily support the facts as stated in the Draft PSR and has no objection to the factual changes ultimately made in the Final PSR.

Mancillas also argued that the Draft PSR erroneously assessed him four offense levels for possessing a firearm in connection with another felony offense.  The government also agrees that the evidence does not support this enhancement and has no objection to the removal of those four levels from the Final PSR.

//

//

- 3 -

### b.  Defendant should be sentenced to five years' Probation

The United States respectfully requests that this Court sentence Mancillas to a term of five years of Probation, a recommendation that would require a downward variance. Such a sentence is appropriate in light of the sentencing factors enumerated in 18 U.S.C. § 3553(a).

This is not a request the government makes lightly.  Indeed, the offense here is a serious one.  MCD devices, which allow a semi-automatic firearm to convert to a fully-automatic firearm, are incredibly dangerous to the community.  Mancillas had a loaded Glock pistol with an MCD attached to it found at his home and, even more concerning, the pistol had been discharged in five separate shooting incidents in Phoenix.  The government also remains concerned about Mancillas' criminal history, including numerous prior arrests for firearm-related offenses.

However, after careful consideration, the government believes several factors here support a downward variance and an ultimate term of probation.  While Mancillas does have two prior criminal convictions involving firearms, he was also very young when he committed those offenses.  And while the MCD found in this case was attached to a pistol used in other shootings,  Mancillas has suffered the consequences for those actions – a lengthy prison term.

Mancillas has also taken responsibility in this case.  He saved the government significant time and resources by admitting his conduct and entering into a pre-Indictment plea.  He also has done exemplary while on pretrial release.  It appears, and the government is hopeful that this remains the case, that Mancillas is trying to turn his life around and understands the consequences of his previous lifestyle.  Should he falter, however, the term of probation will allow for continued consequences.

### IV.    Conclusion

For the foregoing reasons, the United States respectfully requests the Court impose a sentence of five years of Probation.  Such a sentence is warranted given the

- 4 -

nature and seriousness of the offense and is appropriate under the §3553(a) factors as it is sufficient, but not greater than necessary, to promote respect for the law and afford a just punishment.

Respectfully submitted this 22nd day of August, 2025.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

*s/Benjamin Goldberg*
BENJAMIN GOLDBERG
Assistant U.S. Attorney

## **CERTIFICATE OF SERVICE**

I hereby certify that on this same date, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant:

Milagros Cisneros,
*Attorney for defendant*

*s/C. Covington*
U.S. Attorney's Office